UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:13 CR 449 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | |
| TAMEKA MCMILLAN, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Tameka McMillan's Motion for a Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. § 1B1.10. (ECF #152). The Government filed a response in opposition to the motion. (ECF #154).

In October of 2014, Ms. McMillan entered a plea of guilty to one count of conspiracy to make, utter, and possess counterfeit securities in violation of 18 U.S.C. § 371, and nine counts of making, uttering, and possessing counterfeit securities, and aiding and abetting, in violation of 18 U.S.C. § 513. Ms. McMillan was subject to a base offense level of 6 under U.S.S.G. § 2B1.1(a), but received an eight level enhancement for loss amount under U.S.S.G. § 2B1.1(b)(1)(E), and an additional four level enhancement for leadership under U.S.S.G. § 3B1.1. She also received a three level deduction for acceptance of responsibility, resulting in a total offense level of 15 and a criminal history category of VI. She was sentenced on September 3, 2015, to 50 months of imprisonment, which fell within the guideline range of 41-51 months.

On November 1, 2015, the Sentencing Commission amended the fraud loss table which provided the basis for Ms. McMillan's eight level enhancement. Unfortunately for Ms. McMillan, however, the Commission did not make the amendment retroactive.[1] Where the Sentencing Commission has not made a guidelines amendment retroactive, a defendant may not obtain relief under Section 3582(c). *See, e.g., United States v. Dullen*, 15 F.3d 68, 69 (6th Cir. 1994). This Court has no jurisdiction to lower a sentence under 18 U.S.C. § 3582(c)(2) if the sentence was based on a Guideline range that was not subsequently lowered and made retroactively applicable to prior final judgments. Furthermore, the Court is unaware of any other basis upon which Ms. McMillan could otherwise qualify for a reduction or modification of her sentence. For these reasons, Ms. McMillan's Motion (ECF #152) is DENIED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 15, 2016

---

[1] U.S.S.G. § 1B1.10(d) lists the "covered amendments" that were made retroactive and eligible for motions under 18 U.S.C. § 3582(c). Amendment 791, which altered the fraud loss table is not listed.