# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 5:13CR449 |
| | ) | 5:16CV2230 |
| Respondent, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| TAMEKA MCMILLAN, | ) | MEMORANDUM OPINION |
| aka TAMEKA ORR | ) | AND ORDER |
| | ) | |
| Petitioner. | ) | |

This matter comes before the Court upon Petitioner, Ms. Tameka McMillan, aka Tameka Orr's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. (ECF # 164). Petitioner seeks to vacate her sentence on ten counts of conspiring to make, utter, and possess counterfeit securities, and making, uttering, and possessing counterfeit securities, in violation of 18 U.S.C. §§ 371, 513(a), and 2.

## FACTUAL AND PROCEDURAL HISTORY

On October 8, 2013, Petitioner and four other co-defendants were charged in a ten count indictment with conspiring to make, utter, and possess counterfeit securities, and making, uttering, and possessing counterfeit securities, in violation of 18 U.S.C. §§ 371, 513(a), and 2. (ECF # 1). On October 2, 2014, Petitioner pled guilty to the ten counts in the indictment without a plea agreement. (ECF # 101). Petitioner had a total offense level of 15 and a criminal history category of VI, with a

guideline sentence range of 41 to 51 months. (ECF # 156, p. 5). On September 3, 2015, this Court sentenced Petitioner to 50 months imprisonment on each of the ten counts to run concurrently, followed by three years supervised release, and ordered Petitioner to pay $1000.00 in special assessment as well as $67,035.28 to be paid in restitution. (ECF # 137).

On September 6, 2016, Petitioner filed the present Motion to Vacate. (ECF # 164). Petitioner claims four grounds for her Motion to Vacate: (1) that her counsel failed to address the issue of loss at sentencing; (2) that her criminal history score was incorrect; (3) that her counsel failed to procure written statements from a co-defendant; and (4) that her counsel was ineffective by coercing her into pleading guilty, failing to investigate co-defendant statements, failing to raise mitigation at sentencing, and persuading Petitioner to withdraw her notice of appeal. (Id.). On September 28, 2016, the Government filed a response to Petitioner's Motion to Vacate arguing that Petitioner's claims are without merit and should be denied. (ECF # 166).

## ANALYSIS

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing

2

on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where the "record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Petitioner in this case alleges violations of her constitutional rights based upon alleged issues at sentencing and ineffective assistance of counsel.

Petitioner's first three grounds for her Motion to Vacate do not allege any constitutional or jurisdictional claims and fall outside the scope § 2255 motions. Additionally, Petitioner's fourth ground alleging ineffective assistance of counsel is unable to meet the factors set forth in *Strickland*. Therefore, for the reasons set forth below, all of Petitioner's claims are denied.

1) **Enhancement of Loss**

In her first ground, Petitioner asserts that her ". . . counsel failed to address the issue (4) pt enhancement for loss amount." (ECF # 164, p. 5). Petitioner states that her "counsel failed to ask for factual findings as to the amounts of loss and petitioner's role in the case," and that "counsel never objected to the enhancement." (Id.). This claim fails to assert any sort of constitutional or jurisdictional violation. Non-constitutional claims are not recognized on collateral review. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Claims such as the one Petitioner is raising here are appropriate issues to bring on a direct appeal. Additionally, even if this issue was appropriate for a § 2255 motion, Petitioner's claims are substantively without merit since Petitioner's attorney did address this issue at sentencing. Petitioner's counsel adequately argued for a lesser amount of intended loss both in her sentencing memorandum and at sentencing. (ECF # 156, p. 13-17). After this Court considered both Petitioner's and the Government's arguments regarding the amount of

loss, this Court determined that the amount of intended loss was $72,595. (Id. at p. 27). Therefore, because this claim is without merit and does not assert any sort of constitutional violation, this Court denies Petitioner's first claim.

2) **Criminal History Score**

In her second ground, Petitioner asserts that her "criminal history calculations are incorrect," and "do not reflect the accurate scores that should be attributed to [her]". (ECF # 164, p. 6). Petitioner again fails to make any sort of argument consistent with the requirements of § 2255. She does not allege a constitutional or jurisdictional violation, nor does she assert that her sentence was in excess of the maximum authorized by law. Rather, Petitioner simply asserts conclusory arguments as to why her criminal history calculation was incorrect. Even if Petitioner's claim was appropriate under § 2255, it fails substantively. Her criminal history score was adequately discussed at sentencing, and determined to be properly calculated under the Sentencing Guidelines. (ECF # 156, p. 26-27). Since this issue was already adequately addressed by this Court at sentencing, and because Petitioner asserts no basis for relief under § 2255, Petitioner's second claim is denied.

3) **Co-Defendant Written Statements**

In her third ground, Petitioner asserts that her counsel ". . . failed to procure written statements from co-defendant Bernice Moore as to petitioner's involvement in numerous incidents of criminal activity," and that these statements would have ". . . changed the guideline range as to this incident." (ECF # 164, p. 8). Again, this vague claim does not assert a basis for relief under § 2255. This claim merely asserts findings that Petitioner was unhappy with at sentencing. Because this Court already adequately examined the appropriate Guidelines range at sentencing, it is improper to review this issue again in a § 2255 motion. Therefore, Petitioner's third claim is denied.

4

4) **Ineffective Assistance of Counsel**

Plaintiff's fourth and final ground for her Motion to Vacate alleges ineffective assistance of counsel based on four separate allegations: (1) her attorney coerced her into pleading guilty, (2) her attorney failed to investigate co-defendant statements, (3) her counsel failed to raise mitigation issues at sentencing, and (4) her attorney persuaded her to withdraw her notice of appeal. (ECF # 164). In order to prevail on an ineffective assistance of counsel claim, Petitioner must meet the standards set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. In addition, to prove that his counsel's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Petitioner's fourth claim based on ineffective assistance of counsel is groundless because Petitioner's attorney's performance did not fall below the objective standard of reasonableness set forth in *Strickland*. In Petitioner's first assertion for ineffective assistance of counsel, she claims that her attorney coerced her into entering a guilty plea. (ECF # 164, p. 9). There is absolutely no evidence in the record supporting this claim. This Court thoroughly engaged Petitioner in a Rule 11 dialogue where Petitioner then willingly and voluntarily entered a guilty plea. (ECF # 101, p. 1). The law is well established where a court has adequately followed the Rule 11 procedure, defendants are bound by their guilty pleas and may not later repudiate them. *Baker v. United States*, 781 F.2d 85,

5

90 (6th Cir. 1986). Petitioner's attorney's performance regarding the plea agreement was definitely not deficient and additionally did not prejudice Petitioner since she does not presently argue that she would have proceeded to trial if it weren't for her attorney's alleged coercion.

With regard to Petitioner's second assertion for ineffective assistance of counsel, Petitioner provides no details as to how the failure to investigate co-defendant statements impacted her sentencing. Based on the record, there is no evidence that Petitioner's attorney fell below a standard of reasonableness in conducting discovery or preparing for sentencing. Additionally, it is not apparent how this alleged failure to investigate prejudiced Petitioner in any way.

Petitioner's third assertion, that her counsel failed to raise mitigation arguments at sentencing, is completely unfounded. Petitioner asserts that her attorney ". . . failed to fully investigate mitigating circumstances surrounding defendant and her childhood trauma and the circumstances surrounding her caregiver (grandmother) and the mental and financial situation defendant was facing." (ECF # 164, p. 9). There is no evidence from the record that Petitioner's attorney failed to investigate or argue Petitioner's mitigating circumstances on the record to this Court. Petitioner's attorney raised several mitigating issues, including financial, familial, and mental issues, in her sentencing memorandum (ECF # 132) and during sentencing. (ECF # 156). The Court took many of these mitigating factors into consideration when it sentenced Petitioner. (Id.).

Petitioner's last assertion for ineffective assistance of counsel claims that when she wanted and attempted to appeal, her attorney ". . . persuaded her to withdraw notice of appeal." (ECF # 164, p. 9). Although an attorney's failure to appeal in derogation to his or her client's request is a violation of the Sixth Amendment, a violation does not exist unless the attorney denies a defendant's actual request to appeal. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). In the present

case, Petitioner filed her own Notice of Appeal and later withdrew that Notice. (ECF # 141, 142). Petitioner's attorney did not deny any actual request by Petitioner to appeal her case, as is required under *Ludwig*. Petitioner has not established that her attorney's performance was deficient in persuading her to withdraw her appeal.

Therefore, since Petitioner is unable to show that her attorney performed deficiently, or that her defense was prejudiced in any way, Petitioner is unable to succeed on an ineffective assistance claim under *Strickland*. Petitioner's fourth claim is denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 164) is DENIED. Furthermore, because the record conclusively shows

that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

                                                /s/ Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: October 28, 2016